**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
AT TAMPA**

Case No. ____________________

STATE NATL. INS. CO., INC.

Plaintiff

v.

MARCUS REBELLO,
BLUESKY GEN. SERVS. CORP.,
AM. FACILITY SERVS., INC.,
GEORGE HENGES,

Defendants.
____________________________________/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff State National Insurance Company, Inc. ("State National"), by and through its undersigned counsel, and, for its Complaint for Declaratory Judgment against Defendants Marcus Rebello, BlueSky General Services Corp. ("BlueSky"), American Facility Servies, Inc. ("AFS"), and George Henges, states as follows:

1. This is an action for declaratory judgment, brought pursuant to 28 USC § 2201 and FRCP 57, for the purpose of determining questions of actual controversy between the parties concerning a commercial general liability insurance policy (Policy No. NXTI9NR1A2-02-GL) (the "Policy") issued by State

National to Mr. Rebello and BlueSky. A true and accurate copy of the Policy is attached hereto as **Exhibit A**.

2. Mr. Rebello,[1] BlueSky, and AFS are the Defendants in *George Henges v. American Family Services, at al,* Case No. 25-005976-CI, currently pending in the Circuit Court of Pinellas County, Florida (the "Underlying Lawsuit"). Mr. Henges is the Plaintiff in the Underlying Lawsuit. A true and accurate copy of the Complaint and Mr. Henges's Motion for Leave to File an Amended Complaint filed in the Underlying Lawsuit are collectively attached hereto as **Exhibit B**.

3. Mr. Rebello and BlueSky (as named insureds) and AFS (as a putative additional insured) have tendered their defense and indemnification against the Underlying Lawsuit to State National, and State National is providing a defense to Mr. Rebello, BlueSky, and AFS against the Underlying Lawsuit pursuant to a complete reservation of rights.

4. This Court has jurisdiction pursuant to 28 USC § 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States:

[1] It is unclear from the Pinellas Circuit Court's docket as to whether Mr. Henges's December 11, 2025, Motion for Leave to file an Amended Complaint for the limited purpose of adding Mr. Rebello (BlueSky's President) as a party defendant to the Underlying Lawsuit has been granted. Regardless, Mr. Henges, as a named insured on the Policy, has an interest in the subject matter of this litigation, and the allegations against BlueSky and AFS are identical in the Complaint and Exhibit 1 to the Motion for Leave to file an Amended Complaint.

a. State National's potential liability under the Policy as a result of the Underlying Lawsuit is $1 million (the Policy's indemnification limits) plus the cost of defending Mr. Rebello, BlueSky, and AFS against the Underlying Lawsuit. E.g., First Mercury Ins. Co. v. Excellent Computing Distribs., 648 Fed. Appx. 861, 865 (11th Cir. 2016) ("[W]hen an insurer seeks a judgment declaring the absence of liability under a policy, the value of the declaratory relief to the plaintiff-insurer is the amount of potential liability under its policy."), and Foremost Signature Ins. Co. v. Silverboys, No. No. 1:17-cv-20581, 2018 U.S. Dist. LEXIS 831, *5 (S.D. Fla. Jan. 3, 2018) (quoting Clarendon America Ins. Co. v. Miami River Club, 417 F. Supp. 2d 1309, 1316 (S.D. Fla. 2006)) ("When an insurance company seeks a court's declaration that it has no duty to defend or indemnify its insured, 'the court examines the following factors to determine the amount in controversy: (1) the coverage limits under the insurance policy; (2) the amount of damages sought in the underlying lawsuit; and (3) the pecuniary value of the obligation to defend the underlying suit.'").

b. State National is a citizen of Texas, its state of incorporation and the state in which its headquarters / principal place of business is located.

c. Mr. Rebello is a citizen of Florida, the state in which he is domiciled.

d. BlueSky is a citizen of Florida, its state of incorporation and the state in which its headquarters / principal place of business is located.

e. AFS is a citizen of Georgia, its state of incorporation and the state in which its headquarters / principal place of business is located.

f. Mr. Henges is a citizen of Florida, the state in which he is domiciled.

5. Venue is proper in this Court, as the Underlying Lawsuit is pending in and arises out of conduct that occurred in Clearwater, Pinellas County, Florida.

6. The claims and damages asserted in the Underlying Lawsuit arise out of a slip and fall incident at the St. Pete–Clearwater International Airport. More specifically, the Underlying Lawsuit alleges that Mr. Henges, a TSA employee, "was walking in the terminal of the airport when he slipped on a clear slippery chemical substance on the floor, and fell," and said chemical substance was on the floor because Mr. Rebello, BlueSky, and AFS "were performing floor cleaning, stripping and waxing work" where Mr. Henges allegedly fell. See Complaint and Exhibit 1 to the Motion for Leave to file an Amended Complaint.

7. The application for the Policy included various questions concerning BlueSky's business operations designed to enable State National to evaluate the

underwriting risk and charge an appropriate premium based upon the risk being underwritten. In the section of the application concerning the various types of services provided by BlueSky, Mr. Rebello specifically and explicitly responded that BlueSky did not perform any "floor waxing" services.

8. State National expressly incorporates by reference herein any and all coverage defenses potentially available to it under the Policy and applicable Florida law, including, but not limited to, those based upon the following:

a. The Policy's designated ongoing operations exclusionary endorsement specifically and explicitly provides: "This insurance does not apply to 'bodily injury' . . . arising out of . . . [w]ork on . . . airports."

b. Had State National known that BlueSky performed floor waxing services, State National would not have issued the Policy at the same premium rate and would have charged a higher premium due to the increased underwriting risk. Fla. Stat. 627.409(1)(b).

9. The above-referenced defenses apply to preclude coverage for the claims and damages asserted against Mr. Rebello, BlueSky, and AFS in the Underlying Lawsuit – and, as a result, State National owes no duty to defend Mr. Rebello, BlueSky, or AFS against the Underlying Lawsuit and no duty to indemnify any judgment entered against Mr. Rebello, BlueSky, or AFS in the Underlying Lawsuit.

10. State National reserves the right to assert in this declaratory judgment action any and all other coverage defense potentially available to it under the Policy and applicable Florida law.

11. As a result of the foregoing, an actual controversy exists between State National, Mr. Rebello, BlueSky, AFS, and Mr. Henges concerning the rights, duties, and obligations arising under the Policy, and this controversy is properly resolved by this Court.

## PLAINTIFF'S DESIGNATION OF LEAD COUNSEL

12. Plaintiff State National Insurance Company, Inc. ("State National"), hereby designates David C. Bibb as lead counsel on its behalf in the above-entitled matter.

## CONCLUSION

WHEREFORE, State National respectfully requests, prays for, and demands:

A. a judgment declaring State National owes no duty to defend Mr. Rebello, BlueSky, or AFS against the Underlying Lawsuit;

B. a judgment declaring State National owes no duty to indemnify any judgment entered against Mr. Rebello, BlueSky, or AFS the Underlying Lawsuit; and

C. that State National be given any and all other relief to which it may be entitled.

Date: September 11, 2026

Respectfully submitted,

By: */s/ David C. Bibb*
David C. Bibb
Rolfes Henry Co., LPA
3165 McCrory Place, Suite 174
Orlando, Florida 32803
Telephone: (407) 284-4990
Emails: dbibb@rolfeshenry.com
rkitchens@rolfeshenry.com

*Counsel for Plaintiff State Natl. Ins. Co., Inc*